Mr. John J. Copelan, Jr. Broward County Attorney
QUESTION:
Does the limitation in s. 125.0109, F.S., on "special fees" that may be imposed on family day care homes apply only to those fees imposed in connection with a local zoning ordinance or to any authorized fee?
SUMMARY:
The limitation in s. 125.0109, F.S., on "special fees" applies only to those fees imposed on family day care homes in connection with a local zoning ordinance.
Section 402.313(1), F.S. (1990 Supp.), provides that family day care homes hall be licensed under ss. 402.301-402.319, F.S., if:
1) they are presently being licensed under an existing county licensing ordinance, 2) they are participating in the subsidized child care program, or 3) the board of county commissioners passes a resolution that family day care homes be licensed.[1]
According to your letter, the Broward County Commission has enacted an ordinance for the licensure and regulation of family day care homes operating within the county. The county acts as the local licensing agency for the Department of Health and Rehabilitative Services and is responsible for compliance and enforcement of the ordinance.[2]
A family day care home in Broward County, therefore, is required to comply with the standards set forth in the ordinance and to pay an annual license fee of $25. In addition, family day care homes are required to obtain an occupational license from the county. The fee for such occupational license is $100. annually. A fire inspection fee is also imposed by the county for a home located in the unincorporated areas of the county.
Pursuant to s. 205.031, F.S., counties are expressly authorized to levy an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation.[3] In addition, s. 402.315(4), F.S., authorized a county to collect a fee for any license it issues pursuant to s. 402.308, F.S.[4]
Section 125.0109, F.S., however, provides:
The operation of a residence as a family day care home, as defined by law, registered or licensed with the Department of Health and Rehabilitative Services shall constitute a valid residential use for purposes of any local zoning regulations; no such regulation shall require the owner or operator of such family day care home to obtain any special exemption or use permit or waiver, or to pay any special fee in excess of $50, to operate in an area zoned for residential use. (e.s.)
In light of the above, you inquire whether the limitation on special fees contained in s. 125.0109, F.S., precludes the county from imposing an occupational license tax or such other fees as may be authorized by law on family day care homes in excess of $50.[5]
I would note that identical language to s. 125.0109, F.S., is contained in s. 166.0445, F.S., relating to municipalities. Thus, the comments expressed herein regarding s. 125.0109, F.S., would appear to be equally applicable to the interpretation of s.166.0445, F.S.[6]
It is a rule of statutory construction that the language used in a statute should be considered in its ordinary and grammatical sense.[7] Section 125.0109, F.S. (and s. 166.0445, F.S.) provides that the operation of a family day care home constitutes a valid residential use for purposes of local zoning regulations and that no such regulation shall require the owner or operator of a family day care home to pay a special fee in excess of $50 to operate in an area zoned for residential use.
The term "such" has been defined as "having a quality already or just specified — used to avoid repetition of a descriptive term."[8] Thus, the prohibition against a regulation imposing a special fee in excess of $50 for a family day care home to operate in a residential area refers to fees imposed in relation to, or in connection with, local zoning regulations.
The legislative history surrounding the enactment of ss. 125.0109
and 166.0445, F.S., in 1986 indicates that the purpose of the legislation was to remedy a problem facing many operators of family day care homes.[9] The previous year, the Legislature had enacted s. 402.313, F.S., requiring operators not subject to licensure by county ordinance or resolution to register with the Department of Health and Rehabilitative Services.[10] By registering, operators had to face local zoning restrictions which often compelled them to seek a waiver to operate or to discontinue keeping children in their homes. Since zoning waivers were seldom granted, family day care home operators were forced to choose between losing their livelihood by complying with the law or operating illegally.[11]
With the enactment of ss. 125.0109 and 166.0445, F.S., the Legislature has restricted a local government's authority to regulate the operation of family day care homes in residential areas through zoning. The operation of family day care homes is statutorily declared to be a valid residential use under a county's (or municipality's) zoning regulations.
Thus, counties (and municipalities) would appear to be precluded from prohibiting family day care homes from operating in residential areas under their zoning regulations. Counties (and municipalities) may not require such homes to obtain a special exemption, use permit, or waiver from their zoning regulations in order to operate in residential areas. While the statute appears to recognize that zoning regulations may impose a "special fee" in order to operate a family day care home in a residential area, such a fee may not exceed $50.[12]
Thus, I am of the opinion that s. 125.0109, F.S., seeks to ensure that family day care homes may be operated in areas zoned for residential use and that any fee imposed by a zoning regulation relating to such use not exceed $50. The limitation on "special fees" in s. 125.0109, F.S., therefore, applies to those fees which may be imposed in relation to, or in connection with, a local zoning ordinance and not to other fees which may lawfully be imposed by the local government.
RAB/tjw
[1] See, s. 402.302(5), F.S. (1990 Supp.), defining "[f]amily day care home" to mean an occupied residence in which child care is regularly provided for children and which receives a payment, fee, or grant for any of the children receiving care, whether or not operated for profit. A family day care home shall be allowed to care for one of the following groups of children:
(a) A family day care home may care for a maximum of five preschool children from more than one unrelated family and a maximum of five elementary school siblings of the preschool children in care after school hours. The maximum number of five preschool children includes preschool children in the home and preschool children received for day care who are not related to the resident caregiver. The total number of children in the home may not exceed ten under this paragraph. (b) When the home is licensed and provisions are made for substitute care, a family day care home may care for a maximum of five preschool children from more than one unrelated family, a maximum of three elementary school siblings of the preschool children in care after school hours, and a maximum of two elementary school children unrelated to the preschool children in care after school hours. The maximum of five preschool children includes preschool children in the home and preschool children received for day care who are not related to the resident caregiver. The total number of children in the home may not exceed ten under this paragraph. (c) When the home is licensed and provisions are made for substitute care, a family day care may care for a maximum of seven elementary school children from more than one unrelated family in care after school hours. Preschool children shall not be in care in the home. The total number of elementary school children in the home may not exceed seven under this paragraph.
[2] See, s. 402.302(9), F.S. (1990 Supp.).